IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:12-cv-193-RJC
(3:05-cr-229-RJC-1)

| | |
|---|---|
| DANIEL R. SAWYER, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| ) | |

**THIS MATTER** is before the Court on consideration of Petitioner's Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255. (Doc. No. 1). For the reasons that follow, Petitioner's motion will be dismissed.

**I. BACKGROUND**

On May 8, 2007, Petitioner was sentenced to 160 months' imprisonment following his conviction on four counts of bank robbery, in violation of 18 U.S.C. § 2113(a). (3:05-cr-229, Doc. 33: Judgment). Petitioner did not file a direct appeal, but rather mailed the instant § 2255 motion to the Clerk of Court on March 21, 2012.[1] Petitioner argues that the Fourth Circuit's decision in United States v. Simmons, 649 F.3d 237 (en banc), rendered on August 12, 2011, entitles him to relief even though nearly five years have elapsed since his criminal judgment became final. He claims that his sentence should be vacated and he should be resentenced because his prior convictions no longer qualify him as a career offender under USSG §4B1.1.

---

[1] The Court finds that the motion was filed as of this date. See Houston v. Lack, 487 U.S. 266, 276 (1988).

1

## II. STANDARD OF REVIEW

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" in order to determine whether a petitioner is entitled to any relief. The Court has considered the record in this matter and applicable authority and concludes that this matter can be resolved without an evidentiary hearing. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III. DISCUSSION

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act ("AEDPA"). Under the AEDPA, there is a one-year statute of limitations for filing a motion for collateral relief. Section 2255(f) provides:

> (f) A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f)(1)-(4).

Petitioner did not file a direct appeal from his criminal judgment; therefore, it became final on or about May 28, 2007, when the time period for filing a direct appeal expired. Fed. R.

App. P. 4(b)(1)(A)(i)(2007); Clay v. United States, 537 U.S. 522, 527 (2003). Petitioner contends that his motion, filed March 21, 2013, is timely under § 2255(f)(3) because the motion was filed within one year of the Fourth Circuit's August 12, 2011, decision in Simmons. (Doc. 1 at 11). However, the date of that decision did not trigger a one-year period under § 2255(f)(3) because the Supreme Court did not initially recognize a right, made retroactively applicable to cases on collateral review, on that date. Thus, the Court finds that Petitioner's motion is untimely and that he is not entitled to equitable tolling because he does not present a meritorious claim for relief.

Considering the merits of the motion, Petitioner asserts that he is entitled to relief under Simmons because he faced a maximum of eight month's imprisonment for his prior breaking and entering convictions. In Simmons, the Fourth Circuit en banc held that in order for a prior North Carolina conviction to serve as a predicate felony offense, the individual defendant must have been convicted of an offense for which that defendant could be sentenced to a term exceeding one year. Simmons, 649 F.3d at 243. That decision resulted from the court's application of the Supreme Court's holding in Carachuri-Rosendo v. Holder, 130 S. Ct. 2577 (2010), namely, that the focus of whether a prior conviction qualified as a felony must center on the defendant that is before the sentencing court and not a hypothetical defendant. In Simmons, the Fourth Circuit expressly overruled United States v. Harp, 406 F.3d 242 (4th Cir. 2005), which previously held that in determining "whether a conviction is for a crime punishable by a prison term exceeding one year [under North Carolina law] we consider the maximum aggravated sentence that could be imposed for that crime upon a defendant with the worst possible criminal history." 649 F.3d at 243 (quoting Harp, 406 F.3d at 246) (emphasis omitted).

After Petitioner filed the instant § 2255 motion, the Fourth Circuit found that the Supreme Court's decision in Carachuri announced a procedural rule not applicable to cases on collateral review. United States v. Powell, 691 F.3d 554, 559-60 (4th Cir. 2012); see also United States v. Wheeler, No. 11-6643, 2012 WL 5417557, at *1 (4th Cir. filed Nov. 7, 2012) (unpublished) (noting that "Wheeler's claim for retroactive application of [Carachuri and Simmons] fails in light our recent opinion in [Powell]."); United States v. Walker, No. 11-6660, 2012 WL 5359506, at *1 (4th Cir. filed Nov. 1, 2012) (unpublished) (rejecting petitioner's § 2255 challenge to his career offender enhancement and holding that "Carachuri claims may not be raised retroactively in collateral proceedings."). Thus, the Fourth Circuit has recently and repeatedly said Simmons is not retroactive. This inferior Court cannot say that it is.

## IV. CONCLUSION

**IT IS, THEREFORE, ORDERED** that Petitioner's Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255 is **DISMISSED**. (Doc. No. 1).

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, the Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).

Robert J. Conrad, Jr.
Chief United States District Judge

Signed: March 6, 2013

Robert J. Conrad, Jr.
Chief United States District Judge